IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| BEVERLY J. FALKNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 13-2460-JDT-cgc |
| | ) | |
| FRANKIE'S AND ITS OWNERS, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER ADOPTING REPORT AND RECOMMENDATION AS
MODIFIED AND DISMISSING CASE WITH PREJUDICE,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Plaintiff Beverly J. Falkner, a resident of Memphis, Tennessee, filed a *pro se* civil complaint and a motion for leave to proceed *in forma pauperis* on June 25, 2013. (ECF Nos. 1 & 2.) United States Magistrate Judge Charmiane G. Claxton subsequently granted leave to proceed *in forma pauperis*. (ECF No. 10.) On November 12, 2014, Magistrate Judge Claxton issued a Report and Recommendation ("R&R") in which she recommended the case be dismissed *sua sponte*. (ECF No. 14.) Objections to the R&R were due within fourteen days. *See* Fed. R. Civ. P. 72(b)(2). However, Plaintiff has filed no objections.

The complaint in this case alleges that Plaintiff met with an unidentified person at Defendants' place of business on October 26, 2011, and arranged to purchase a used car. Plaintiff allegedly made a down payment of $1000 on the car, but could not afford to obtain

insurance. The Defendant allegedly loaned her $150 to purchase insurance, which Plaintiff repaid the next day. However, Plaintiff alleges that the Defendant did not advise her that an additional payment for insurance would be due in less than a month. She received an invoice from the insurance company requesting payment of $182.32 by November 22, 2011, but never received a policy. Plaintiff alleges that the Defendant never activated her insurance even though it loaned her the $150.00 for the initial payment. (ECF No. 1 at 1-2.)

The Magistrate Judge has recommended that the complaint be dismissed without prejudice prior to service of process for lack of subject-matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1) and (h)(3). Having reviewed the complaint and the law, the Court agrees with Magistrate Judge Claxton's recommendation for dismissal. Plaintiff has not demonstrated that there is either federal question jurisdiction or diversity jurisdiction in this case.

Although the Magistrate Judge has recommended the case be dismissed without prejudice, this is the second time Plaintiff has filed these claims. On November 14, 2011, Plaintiff filed an similar complaint, which was docketed as case number 11-3015. The claims were dismissed for lack of subject-matter jurisdiction. *Falkner v. Frankie's and Its Owners*, et al., No. 11-3015-JTF-cgc (W.D. Tenn. Mar. 12, 2013) (order of dismissal, ECF No. 54 at 7-10). Therefore, the Court declines to dismiss these re-filed claims without prejudice. The Court ADOPTS the R&R as so modified and hereby DISMISSES this case, with prejudice, for lack of subject-matter jurisdiction.

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should she seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Fed. R. App. P. 24(a). *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that if a party was permitted to proceed *in forma pauperis* in the district court, she may also proceed on appeal *in forma pauperis* without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a court to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiff is not taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED. Accordingly, if Plaintiff files a notice of appeal, she must also pay the

full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.

      The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                     s/ **James D. Todd**  
                                    JAMES D. TODD  
                                    UNITED STATES DISTRICT JUDGE